UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DANNY T. MORADO,<br><br>  Plaintiff,<br><br>  v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>  Defendant. | Case No. 2:23-cv-01488-EJY<br><br>**ORDER** |

Danny T. Morado ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security Administration ("Defendant") finding Plaintiff was not disabled under Title II and XVI of the Social Security Act. ECF No. 14. Defendant filed a Cross-Motion to Affirm and Response (ECF Nos. 18, 19) and Plaintiff filed a Reply (ECF No. 20).

**I.  Background**

Plaintiff filed an application for Title II disability benefits on May 5, 2020. Administrative Record ("AR") 269-273. Plaintiff also protectively filed an application for Title XVI supplemental security income. AR 274-279. The Social Security Administration denied Plaintiff's applications initially and upon reconsideration after which Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 83-84, 151-152, 176-178. The ALJ attempted to hold a hearing on April 7, 2022, but it was postponed because Plaintiff was experiencing lethargy and difficulty with concentration and speech during the hearing, requiring emergency treatment. AR 46-60. Plaintiff testified at a rescheduled hearing on August 4, 2022. AR 61-82. On September 19, 2022, the ALJ issued a decision finding Plaintiff was not disabled from his alleged onset date through the date of the decision. AR 19-39. Plaintiff requested review of the ALJ's decision (AR 266-267), which was denied by the Appeals Council on July 26, 2023 (AR 1-3). Plaintiff now seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).

## II. Standard of Review

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. --, 139 S.Ct. 1148, 1154 (2019)). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, … [the court] must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). And, a court may not reverse an ALJ's decision based on a harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## III. Establishing Disability Under the Act

To establish whether a claimant is disabled under the Social Security Act, there must be substantial evidence that:

> 1. the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> 2. the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id.* (internal quotations omitted).

2

The ALJ uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps consider:

Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that the claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *Id*.

### IV.     Summary of ALJ's Decision

The ALJ applied the 5-step sequential analysis under 20 C.F.R. § 404.1520 finding Plaintiff meets the insured status requirements of the Social Security Act through March 31, 2025.  AR 24. At step one of the sequential process, the ALJ found Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of August 29, 2019. AR 25.  The ALJ next found Plaintiff has the following severe impairment: vascular insult to the brain (step two). AR 25-27.  The ALJ then concluded Plaintiff's impairment does not meet or medically equal the criteria in the Listing of Impairments found at 20 C.F.R. pt. 404, subpt. P, app. 1 (step three).  AR 28.  In preparation for step four, the ALJ determined Plaintiff retained the residual functional capacity ("RFC") to perform medium work, except Plaintiff can operate foot controls with his right foot frequently, and can operate hand controls with his right hand frequently.  AR 28-36.[1]  The ALJ further determined Plaintiff can frequently reach overhead on the right, and can frequently handle with his right hand; can occasionally climb ladders, ropes or scaffolds and frequently climb ramps and stairs, stoop, kneel, crouch and crawl. *Id.*  The ALJ found Plaintiff can never work at unprotected heights, and he can have no more than occasional exposure to moving mechanical parts, motor vehicle operation and nonatmospheric extremes of cold and heat.  *Id.*   At step four, the ALJ concluded Plaintiff was capable of performing past relevant work as a housekeeping cleaner, which is light and unskilled work that does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).  AR 36.  The ALJ further concluded in the alternative there are other jobs that exist in significant numbers in the national economy Plaintiff can also perform, considering his age, education, work experience, and RFC (step five).  AR 36-38.  On this basis, the ALJ concluded Plaintiff was not disabled at any time from August 29, 2019, the alleged onset date, through the date of her decision.  AR 38-39.

### V.     Issues Presented

Plaintiff argues that at step five of the sequential process in determining whether he was disabled, the ALJ failed to create a logical bridge between the evidence and her finding that Plaintiff

---

[1]     The RFC is the most a claimant can still do in a work setting despite impairment related limitations and is based on all the evidence in the record.  20 C.F.R. § 404.1545(a)(1).

4

could perform medium work. ECF No. 14 at 7-12. Plaintiff requests the Commissioner's final decision be vacated and this matter be remanded for a *de novo* hearing and decision. *Id.* at 11-12. Defendant responds that at step four, the ALJ found Plaintiff had the RFC to perform past relevant work, thus the ALJ was not required to proceed to step five to determine whether Plaintiff had the RFC to perform other work; rather, the step five finding was made in the alternative. ECF No. 18 at 15. Defendant argues because Plaintiff does not challenge the ALJ's step four finding in her opening brief, which is a separate basis for a non-disability finding, Plaintiff's challenge to the ALJ's step five analysis is moot, and thus the Court need not examine the ALJ's step five analysis.[2] *Id.*

**VI. Discussion**

In his Motion, Plaintiff solely asserts arguments challenging the ALJ's step five findings. ECF No. 14. In his Reply, Plaintiff asserts a challenge to the ALJ's step four findings for the first time. ECF No. 20 at 4. "[I]t is inappropriate to consider arguments raised for the first time in a reply brief." *Wells v. Colvin*, Case No. 15-CV-00196-JST, 2015 WL 11455587, at *4, n.2 (N.D. Cal. Nov. 24, 2015) (quoting *Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F. Supp. 2 1078, 1089 (E.D. Cal. 2006)). Because the Court can only consider arguments raised in an opening brief, and Plaintiff does not raise his step four argument until his Reply, this argument cannot be considered. This omission unfortunately undermines Plaintiff's entire Motion for the following reasons.

Upon review, the ALJ established two separate and alternative bases for finding Plaintiff not disabled. AR 36-38. First, at step four, the ALJ found Plaintiff is not disabled because he can perform past relevant work as a housekeeping cleaner, which is light, unskilled work that does not require the performance of work-related activities precluded by his RFC. AR 36. Relevantly, "[i]f a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520. Therefore, because the ALJ found Plaintiff not disabled at step four, the ALJ was not required to proceed to step five, and any findings the ALJ made at step five were an alternative,

---

[2] Defendant also asserts numerous arguments defending the ALJ's findings at step five of the sequential evaluation process to determine whether Plaintiff is disabled (ECF No. 18 at 5-14); however, because the Court finds it is not necessary to address step five, the Court does not address them.

additional basis to her finding at step four. *Id.* Although not required to do so, the ALJ further found at step five that Plaintiff was not disabled because in addition to being able to perform past relevant work, he was also capable of performing other jobs that exist in significant numbers in the national economy. AR 36-38.

In *Porter v. Social Security Administration,* the Court was presented with the same situation, where the ALJ found the claimant not disabled at step four, but also made an additional and alternative non-disability finding at step five. Case No. 2:15-CV-00661-JCM-NJK, 2016 WL 8679259, at *6 (D. Nev. Aug. 12, 2016), *report and recommendation adopted*, Case No. 2:15-CV-00661-JCM-NJK, 2017 WL 1246337 (D. Nev. Jan. 27, 2017). The plaintiff's briefing before the district court challenged the ALJ's non-disability finding at step five but "fail[ed] to challenge step four of the ALJ's analysis." *Id.* The Court found that because the non-disability determination at step four "provide[d] an independent and adequate basis to support the ALJ's finding," even if the ALJ did err at step five, such an error "would be inconsequential to the ultimate nondisability determination, and thus harmless." *Id.*; *see also Johnson v. Astrue*, Case No. C 12-01580 PJH, 2013 WL 3956248, at *11 (N.D. Cal. July 30, 2013), *aff'd sub nom. Johnson v. Colvin*, 623 Fed.Appx. 326 (9th Cir. 2015) ("given the ALJ found [Plaintiff] was capable of performing his past relevant work … any error made by the ALJ at step five is harmless and would not affect the finding from step four that [Plaintiff] is not disabled.").

Similarly, here, the ALJ found Plaintiff not disabled at step four (AR 36), and Plaintiff's briefing did not properly raise a challenge to the ALJ's step four analysis. A non-disability finding at step four "provides an independent and adequate basis to support the ALJ's finding." *Porter*, 2016 WL 8679259, at *6. So, even if the ALJ did err at step five, because the ALJ articulated a separate, unchallenged basis for her conclusion, any error that may have occurred at step five would be inconsequential to the ultimate disability finding, and therefore harmless. For these reasons, the Court finds Plaintiff has failed to assert adequate basis for his Motion, and it thus must be denied.

**VII. Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reversal and Remand (ECF No. 14) is DENIED.

IT IS FURTHER ORDERED that Defendant's Cross-Motion to Affirm (ECF No. 18) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must enter judgment in favor of Defendant and close this case.

DATED this 20th day of June, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE